UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY BRAUN,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>CDW LLC and COMPUTER RESOURCE   )<br>SOLUTIONS, INC.,   )<br>)<br>Defendants.   ) | Case No. 12 C 7037<br>Judge Joan Humphrey Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary Braun filed a two count *pro se* complaint against defendants CDW LLC ("CDW") and Computer Resource Solutions, Inc. ("CRS") alleging (1) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111–12117, and/or the Rehabilitation Act of 1973, 29 U.S.C. § 793; and (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Defendant CDW has moved to dismiss Braun's ADEA claim (#9) and defendant CRS has moved to dismiss the complaint in its entirety (#21). Before receiving a ruling on these motions, Braun filed two documents styled as amended complaints (#33, #34), which defendants have moved to strike (#39, #41). For the reasons set forth herein, defendants' motions will be granted in part and denied in part.

### BACKGROUND

On September 8, 2011, Braun filed a complaint of discrimination with the Office of Federal Contract Compliance Programs ("OFCCP") alleging disability discrimination in

violation of Section 503 of the Rehabilitation Act, 29 U.S.C. § 793, and violation of the Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRAA"), 38 U.S.C. § 4212. (Dkt. #32 Ex. A.)[1] On June 4, 2012, the OFCCP issued a notice of right-to-sue. (Dkt. #1 at 9 of 9.) CDW was the only defendant listed on the notice. On September 4, 2012, Braun filed the present complaint.

## LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see Bell Atl*. v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem.'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

---

[1] Braun neglected to attach a copy of his OFCCP complaint to his initial pleading, but CDW included a copy of the complaint as an exhibit to its reply brief. Because this document is referenced in the complaint and central to Braun's claims, the court may consider it in ruling on the motions to dismiss. *See 188 LLC* v. *Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

ANALYSIS

I.  ADA/Rehabilitation Act Claim

CRS moves to dismiss Braun's disability discrimination claim arguing that (1) no private right of action exists under the Rehabilitation Act; and (2) Braun has failed to exhaust his administrative remedies under the ADA or alternatively, the ADA claim fails to state a claim.

As to CRS's first argument, the Seventh Circuit has held that there is no private right of action under Section 503 of the Rehabilitation Act, which requires federal contractors to take affirmative action to employ qualified handicapped individuals. *See D'Amato* v. *Wisc. Gas Co.*, 760 F.2d 1474, 1487 (7th Cir. 1985) ("Section 503 provides its own administrative remedy. Unlike Title VII, no private right of action is available and the administrative complaint is the only recourse available to a private plaintiff."); *Simpson* v. *Reynolds Metals Co.*, 629 F.2d 1226, 1238 (7th Cir. 1980) ("[W]e conclude that Congress did not intend to create a private right of action to remedy violations of § 503 of the Rehabilitation Act."). Thus, to the extent Braun intends to proceed on his disability discrimination claim, he must do so under the ADA.

CRS next argues that Braun has failed to exhaust the administrative remedies for his ADA claim because CRS was not named in Braun's OFCCP complaint and CRS was not identified in the notice of right-to-sue. A review of the relevant documents demonstrates that in the text of his complaint filed with OFCCP, Braun identified CRS as one of two entities that had discriminated against him. (*See* Dkt. #32 Ex. A.) Although it does not appear that the OFCCP sent CRS a copy of Braun's notice of right-to-sue (*see* Dkt. #1 at 9 of 9), nevertheless, the Seventh Circuit has held that a plaintiff may proceed against a party that is not named in the initial charge where the "unnamed party has been provided with adequate notice of the charge . .

. [and] the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Schnellbaecher* v. *Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (quoting *Eggleston* v. *Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). CRS has failed to demonstrate that it did not receive adequate notice of Braun's complaint and/or that it was prevented from attempting to voluntarily resolving his complaint. Braun may be able to explain, as well, why CRS was omitted on the first page of his complaint but named in the text. Thus, it would be premature to dismiss Braun's ADA claim against CRS at this time.[2]

Finally, CRS argues that the complaint fails to state an ADA claim upon which relief may be granted. Braun filed a *pro se* complaint using this court's standard employment discrimination form. Under Rule 8(a), he need only provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Contrary to CRS's position, Braun need not allege a *prima facie* case of discrimination in his complaint. *See Swierkiewicz* v. *Sorema*, *N.A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."), *overruled in part on other grounds by Twombly*, 550 U.S. at 562–63; *Swanson* v. *Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("The Supreme Court's explicit decision to

---

[2] Although CRS is correct that the notice of right-to-sue contains no explicit reference to the ADA, CRS cites no authority for its position that this alleged defect forecloses liability. Rather, federal regulations state that the "OFCCP will act as EEOC's agent for the sole purpose of receiving, investigating and processing the ADA charge component of a section 503 complaint[,]" 29 C.F.R. § 1641.5(a), and "[i]f the OFCCP investigation of the section 503 complaint/ADA charge results in a finding of no violation under section 503 (no cause under the ADA), OFCCP will issue a determination of no violation/no cause under both section 503 and the ADA, and issue a right-to-sue letter under the ADA, closing the complaint/charge." 29 C.F.R. § 1641.5(e)(1). Thus, absent a showing by CRS that the OFCCP did not investigate Braun's ADA claim, the court declines to dismiss his complaint on this basis.

reaffirm the validity of *Swierkiewicz* . . . , which was cited with approval in *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955, indicates that in many straightforward cases, it will not be any more difficult today for a plaintiff to meet [Rule 8's pleading] burden than it was before the Court's recent decisions.").

The complaint alleges that CDW is a federal contractor and that CRS is a subcontractor with whom Braun sought employment. Braun notified CDW that he was a disabled veteran and during his first week on the job he identified himself as a disabled veteran to his supervisor. His requests for accommodation were subsequently ignored. As such, Braun alleges that defendants failed to hire him, terminated his employment and failed to reasonably accommodate his disability in violation of the ADA. Moreover, Braun's OFCCP complaint, which was not attached to his complaint but which the court may properly consider, provides a number of factual details about Braun's qualifications and the scope and nature of defendants' alleged discrimination. (*See* Dkt. #32 Ex. A.) These allegations are sufficient to plausibly suggest that CRS failed to hire, terminated and/or failed to accommodate Braun's disability in violation of the ADA. *Cf. Swanson*, 614 F.3d at 404–05 ("A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what 'really' went on in this plaintiff's case.") CRS's motion to dismiss Braun's ADA claim is therefore denied.

## II. ADEA Claim

Defendants next move to dismiss Braun's ADEA claim for failure to exhaust his administrative remedies. On this point defendants are correct. A plaintiff may not bring a claim of discrimination under the ADEA in federal court without first filing a charge before the Equal Employment Opportunity Commission. *See Ajayi* v. *Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). The complaint expressly states that Braun did not file such a charge. Moreover, the allegations in his OFCCP complaint relate to his disability claim, not his age claim. Dismissal is therefore proper. Because Braun is proceeding *pro se*, the court will allow him an opportunity to amend his complaint to demonstrate that he properly exhausted his administrative remedies as to his ADEA claim. If Braun cannot make this showing, however, the court will dismiss his age claim. *See* 29 U.S.C. § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission . . . within 300 days after the alleged unlawful practice occurred.").

## III. Motions to Strike

Finally, defendants have moved to strike two documents filed by Braun and styled as amended complaints. The court agrees that Braun failed to seek proper leave under Rule 15(a)(2) before filing these documents and that they unnecessarily muddle the present proceedings. Nevertheless, Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires" and, as such, the court will allow Braun leave to file a *single* amended complaint. Fed. R. Civ. P. 15(a)(2). Braun's amended complaint should, at a minimum, include allegations related to his ADA and ADEA claims (as discussed *supra*) as well as any

other claims that Braun intends to assert against defendants. For clarity, Braun is requested to allege each claim in a separate count and identify the jurisdictional basis for each claim that allows him to assert the claim in federal court. *See* Fed. R. Civ. P. 8(a)(1) & 10(b) & (c).[3] In addition, Braun must plead facts that demonstrate that he has exhausted his administrative remedies as it relates to his ADEA claim.

## ORDER

The partial motion to dismiss for failure to state a claim by defendant CDW, LLC (#9) is granted without prejudice. The motion to dismiss for failure to state a claim by defendant Computer Resource Solutions, Inc. (#21) is granted without prejudice as to plaintiff's ADEA claim and denied as to plaintiff's ADA claim. Defendants' motions to strike plaintiff's amended complaints (#39, #41) are granted without prejudice. Plaintiff is given leave to file a single amended complaint by April 23, 2013. This case will be called for status on April 30, 2013 at 8:30 a.m.

ENTER:

Date: April 10, 2013

Judge Joan Humphrey Lefkow
United States District Judge

---

[3] To the extent that Braun attempts to state a claim under the VEVRAA, he is instructed to review *Wikberg* v. *Reich*, 21 F.3d 188, 189 (7th Cir. 1994), which states that the Act "does not create a private right of action."